# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jeannette Wright, ) | |
| ) | |
|     Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Trans Union, LLC and Syndicated ) | **COMPLAINT** |
| Office Systems, LLC d/b/a Central ) | **WITH JURY TRIAL DEMAND** |
| Financial Control, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1. Plaintiff, Jeannette Wright, is a natural person who resides in Clayton County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Trans Union, LLC (hereinafter "TransUnion"), is a limited liability corporation formed under the laws of the State of Delaware, headquartered in the State of Illinois, and registered to do business in the State of Georgia. TransUnion may be served with process via its registered agent, Prentice-Hall Corporation System, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

5. TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant, Syndicated Office Systems, LLC d/b/a Central Financial Control (hereinafter "Central Financial") is a limited liability corporation formed under the laws of the State of California, headquartered in the State of Texas, and registered to do business in the State of Georgia. Central Financial may be served with process via its registered agent, C T Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361-3514.

7. Central Financial regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as Plaintiff's transactions at issue in this lawsuit and described herein, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8. Central Financial uses interstate commerce and/or mail in its business. The principal purpose of Central Financial's business is the collection of consumer debts. Central Financial also regularly collects, or attempts to collect, directly, or indirectly, debts owed or due, or asserted to be owed or due, to a third party. Central Financial is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. This Court's jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. § 9-10-91 because, *inter alia*, Defendants frequently and routinely conduct business in the State of Georgia, including the conduct complained of herein.

11. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because one or more of the Defendants maintains a registered agent in the Atlanta Division.

## FACTUAL ALLEGATIONS

### Factual Allegations Derived from Plaintiff's Bankruptcy Case

12. On May 31, 2014, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case Number 14-60675 (the "Bankruptcy Case").

13. In Schedule F of her Bankruptcy Petition, Plaintiff listed Central Financial as having an unsecured claim in the amount of $1,000.00 (the "Debt").

14. The Debt is primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. On May 31, 2014, Plaintiff filed her Chapter 13 Plan setting forth her proposed treatment of the Debt.

16. On October 28, 2014, Plaintiff's Plan was confirmed. Central Financial was served with a copy of the Confirmation Order on October 31, 2014 by the Bankruptcy Noticing Center.

17. On November 10, 2015, Plaintiff converted her Chapter 13 Bankruptcy Case to a Chapter 7, and Central Financial was served with a notice of the conversion on November 12, 2015.

18. On December 29, 2015, the Bankruptcy Court entered an Order Discharging Debtor in as to all dischargeable debts, and the Bankruptcy Case was closed.

**Factual Allegations Derived from Reporting to and by TransUnion**

19. On or about August 3, 2016, Plaintiff obtained a copy of her consumer report as published by TransUnion.

20. That report contained erroneous information as provided by Central Financial, and as published and reported by TransUnion.

21. Specifically, the report shows a medical debt with a status of "In Collection" with a balance of $1,035.00 that was placed with Central Finance on January 26, 2015.

22. The relevant portion of the Central Financial tradeline appeared in the August 3, 2016, TransUnion report as follows:

```
CENTRAL FINANCE CONTROL #191019**** (PO BOX 660873, DALLAS, TX 75266, (888) 233-7880)
Placed for collection: 01/26/2015      Balance:           $1,035              Pay Status: ›In Collection‹
Responsibility:    Individual Account  Date Updated:      06/03/2015
Account Type:      Open Account        Original Amount:   $1,035
Loan Type:         COLLECTION AGENCY/ATTORNEY   Original Creditor: MEDICAL-ATLANTA MED CTR
                                                                  (Medical/Health Care)

Remarks: ›PLACED FOR COLLECTION‹
Estimated month and year that this item will be removed: 11/2021
```

(Remaining portion of tradeline omitted.)

23. Because the Debt is was discharged in Plaintiff's Bankruptcy Case, the information described above was both false and misleading.

24. At the time Central Finance reported the above tradeline to Trans Union it had actual knowledge of the Plaintiff's Chapter 7 proceeding and Discharge.

25. In a letter dated August 11, 2016, Plaintiff disputed the inaccurate and misleading information directly to TransUnion and advised TransUnion that the Debt predates her conversion to a Chapter 7 Bankruptcy Case and was discharged.

6

26. Upon information and belief, TransUnion timely notified Central Financial of Plaintiff's dispute, as required by 15 U.S.C. § 1681i.

27. In a document dated August 30, 2016, TransUnion advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings. TransUnion provided a copy of the tradeline as reported, which reproduced the errors identified by Plaintiff in her original dispute letter.

28. Specifically, the new Central Financial tradeline appeared in the revised August 30, 2016, TransUnion report as follows:

```
CENTRAL FINANCE CONTROL #191019****  (PO BOX 660873, DALLAS, TX 75266, (888) 233-7880)
Placed for collection: 01/26/2015      Balance:          $1,035              Pay Status: >In Collection<
Responsibility:   Individual Account   Date Updated:     08/29/2016
Account Type:     Open Account         Original Amount:  $1,035
Loan Type:        COLLECTION AGENCY/ATTORNEY   Original Creditor: MEDICAL-ATLANTA MED CTR
                                                                   (Medical/Health Care)
                                       Past Due:         >$1,035<
Remarks: DISP INVG COMP-CONSUM DISAGRS; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 08/2021
```

**Damages**

29. Defendants, independently and jointly, breached their duties as described herein.

30. Defendants had actual notice that the information they were reporting regarding Plaintiff and the Debt was false, deceptive, and misleading.

31. Defendants failed to correct their false, deceptive, and misleading reporting as described herein.

32. Defendants continued to report the false, deceptive, and misleading information regarding Plaintiff and the Debt.

33. Accordingly, Defendants' conduct was willful.

34. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

35. Additionally, as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including out-of-pocket expenses in challenging Defendants' wrongful representations regarding the Debt, as well as frustration, worry, and aggravation resulting from such false and misleading representations.

36. Moreover, as a result of the actions and omissions of Defendants, Plaintiff's actual damages also include the illegitimate suppression of her Fair Isaac Corporation ("FICO") credit score and other credit rating model scores. Moreover, their failure to correct and clear the inaccuracies in Plaintiff's TransUnion report creates a material risk of financial harm to Plaintiff stemming from the decreased perception of Plaintiff's credit-worthiness.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### Trans Union, LLC

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Pursuant to 15 U.S.C. § 1681e(b), TransUnion is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports.

39. TransUnion's duty under 15 U.S.C. § 1681e(b) extends to reinvestigation reports and consumer disclosures.

40. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), TransUnion had an affirmative duty to independently investigate the dispute submitted by Plaintiff.

41. Pursuant to 15 U.S.C. § 1681i(a)(2), TransUnion was required to communicate the specifics of Plaintiff's dispute to Central Financial.

42. A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the

substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

43. In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), TransUnion was required to review and consider all relevant information submitted by Plaintiff.

44. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of TransUnion's reporting.

45. Plaintiff provided all the relevant information necessary for TransUnion to reinvestigate and correct the inaccuracies in its reporting.

46. TransUnion breached its duties as described herein.

47. If TransUnion had conducted a reasonable reinvestigation of Plaintiff's dispute, TransUnion would have reviewed and considered all of the information Plaintiff submitted in her dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

48. If TransUnion had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's TransUnion consumer report would have been appropriately corrected.

49. Due to TransUnion's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's TransUnion report was not appropriately modified.

50. TransUnion had all the information necessary to correct its reporting. Yet, TransUnion failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that TransUnion's review procedures were not reasonable.

51. The fact that TransUnion had all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that TransUnion recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

52. TransUnion willfully, or in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in her consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

53. TransUnion willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways, including without limitation, by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately modify information in her file and on her consumer report in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded Bankruptcy Case filings.

54. As a result of TransUnion's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from TransUnion pursuant to 15 U.S.C. §§ 1681n and 1681o.

55. TransUnion's actions and omissions were willful, rendering TransUnion liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

56. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. § 1681s-2(b)
## Syndicated Office Systems, LLC d/b/a Central Financial Control

57. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

58. Pursuant to 15 U.S.C. § 1681s-2(a), Central Financial is responsible for providing accurate information whenever it furnishes information to any consumer reporting agencies.

59. Upon information and belief, TransUnion timely notified Central Financial of Plaintiff's disputes, and provided Central Financial with all the relevant information that Plaintiff had submitted.

60. Pursuant to 15 U.S.C. § 1681s-2(b), Central Financial had a duty to investigate Plaintiff's dispute and accurately report its findings to TransUnion.

61. A furnisher's investigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

62. In order to conduct a reasonable investigation, and pursuant to 15 U.S.C. § 1681s-2(b), Central Financial was required to review and consider all relevant information submitted by Plaintiff to TransUnion.

63. Plaintiff's disputes were clear and unambiguous as to the inaccuracies of reporting the Debt as "In Collection," with a balance of $1,035.00.

64. Central Financial breached its duties as described herein.

65. If Central Financial had conducted a reasonable investigation of Plaintiff's dispute, Central Financial would have reviewed and considered all of the information Plaintiff submitted to TransUnion in her dispute, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

66. If Central Financial had conducted a reasonable investigation of Plaintiff's dispute, the tradeline on Plaintiff's consumer reports would have been corrected accordingly.

67. Due to Central Financial's failures to provide accurate information, and failures to conduct reasonable investigations of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's reports as described herein was not appropriately modified.

68. Central Financial had all the information necessary to correct its reporting. Yet, Central Financial failed to suitably correct its reporting in the face of clear

evidence that it was false and misleading. The failure indicates that Central Financial's review procedures were not reasonable.

69. The fact that Central Financial had all the information necessary to correct its reporting, yet failed to appropriately do so, further indicates that Central Financial recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

70. Central Financial willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's disputes from TransUnion; by failing to appropriately report the results of its investigation; and by failing to appropriately modify the disputed information, in reckless disregard of the statutory requirements; Plaintiff's disputes, and the publicly recorded Bankruptcy Case filings.

71. As a result of Central Financial's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as stated herein. Plaintiff is, therefore, entitled to recover actual damages from Central Financial under 15 U.S.C. §§ 1681n and 1681o.

72. Central Financial's actions and omissions were willful, rendering Central Financial liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

73. Plaintiff is entitled to recover costs and attorneys' fees from Central Financial pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
## Syndicated Office Systems, LLC d/b/a Central Financial Control

74. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

75. Central Financial's provision of false and/or misleading information in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

76. As a result of Central Financial's violations of the FDCPA, Plaintiff has suffered actual damages. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

77. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Central Financial $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-393(a)**
**Syndicated Office Systems, LLC d/b/a Central Financial Control**

78. Plaintiff incorporates by reference paragraphs 1 through 36 and 74 through 77 as though fully stated herein.

79. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

80. It was unfair and deceptive for Central Financial to falsely report the status of Plaintiff's account to third-parties in an effort to collect a debt that was scheduled in bankruptcy.

81. As pled above, Plaintiff was harmed by Central Financial's unfair conduct.

82. Upon information and belief, Central Financial regularly reports information to credit reporting agencies in an effort to collect outstanding debts.

83. Upon information and belief, reports to credit reporting agencies are Central Financial's *modus operandi* for debt collection and are done on a wide scale.

84. Central Financial's conduct amounts to an unfair business practice.

85. Central Financial's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

86. Central Financial does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

87. As a result of Central Financial's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

88. As a result of Central Financial's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

89. Central Financial's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

90. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

91. Furthermore, because Central Financial has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendants, jointly and severally, for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

   d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o and 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11;

   e.) Statutory damages against Central Financial pursuant to 15 U.S.C. § 1692k; and

   f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of November, 2016.

                    **BERRY & ASSOCIATES**

                    */s/ Matthew T. Berry*
                    Matthew T. Berry
                    Georgia Bar No.: 055663
                    *matt@mattberry.com*
                    Adam J. Klein
                    Georgia Bar No.: 425032
                    *aklein@mattberry.com*
                    2751 Buford Highway, Suite 600
                    Atlanta, GA 30324
                    Ph. (404) 235-3334
                    Fax (404) 235-3333

                    *Plaintiff's Attorneys*